NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000341**
**28-JUN-2018**
**08:02 AM**

NO. CAAP-18-0000341

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FRED E. HOFER, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3DTC-17-029649)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal of Defendant-Appellant Fred Hofer (**Hofer**) in appellate court case number CAAP-18-0000341 from the Honorable Harry P. Freitas's April 10, 2018 interlocutory order setting a return date for trial setting of the charges filed by Plaintiff-Appellee State of Hawai'i (**State**) against Hofer for driving without a license, in violation of Hawaii Revised Statutes ("HRS") § 286-102 (Supp. 2016), and no no-fault insurance, in violation of HRS § 431:10C-104 (2005), in Third Circuit district court criminal case number 3DTC-17-029649.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court

or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) (2016) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." The charges against Hofer qualify as criminal matters because driving without a license is punishable by imprisonment under HRS § 286-136(a) (2007), and no no-fault insurance within 5 years of a prior conviction is punishable by imprisonment pursuant to HRS § 431:10C-117(a)(5)(A) (2005).

Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence). In the instant case, the district court has not yet held a trial, much less rendered a final decision, on the State's criminal charges against Hofer in district court criminal case number 3DTC-17-029649. Absent an appealable final judgment, the April 10, 2018 interlocutory order is not eligible for appellate review because we lack appellate jurisdiction, and Hofer's appeal is premature.[1]

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." Ontiveros, 82 Hawai'i at 449, 923 P.2d at 391 (citations omitted; emphasis added). Hence, the district court did not lose jurisdiction due to Hofer's defective notice of appeal.

THEREFORE, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000341 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 28, 2018.

Chief Judge

Associate Judge

Associate Judge